**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KELLY THURN and
JEFFREY THURN, her husband,

      Plaintiffs,

v.                                  Case No. 8:22-cv-2526-TPB-AAS

KIMBERLY-CLARK CORPORATION and
SAM'S WEST, INC. d/b/a SAM'S CLUB
a Foreign Profit Corporation,

      Defendants.

_____ /

## ORDER GRANTING "DEFENDANT KIMBERLY-CLARK CORPORATION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT"

This matter comes before the Court on "Defendant's Motion to Dismiss the Plaintiffs' Complaint," filed on November 11, 2022, seeking to dismiss Counts I, II, V, VI, and VII. (Doc. 7). Plaintiffs Kelly Thurn and Jeffrey Thurn filed a response in opposition on November 18, 2022. (Doc. 14). After reviewing the motion, responses, relevant authorities, court file, and record, the Court finds as follows:

**Background[1]**

Defendant Kimberly-Clark Corporation ("KCC") is a world-wide manufacturer and distributor of personal care products under well-known brand names, including Cottonelle. Around February 2020, certain lots of Cottonelle

---

[1] The Court accepts as true the facts alleged in Plaintiffs' complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Flushable Wipes and Cottonelle GentlePlus Flushable Wipes were contaminated with *Pluralibacter gergoviae,* a pathogen linked to a variety of bacterial infections in humans.  At that time, KCC distributed the Cottonelle wipes through various retail channels, including Defendant Sam's West, Inc. d/b/a Sam's Club ("SWI"), where the Cottonelle wipes reached consumers.

During the months following the contamination, consumers complained of several adverse side effects to KCC via online review boards and social media comments.  On October 9, 2020, KCC commenced a nationwide recall for all lots of contaminated Cottonelle wipes by providing a list of lot numbers on the Cottonelle website.  SWI and other retailers also issued notices to retail purchasers regarding the recall of the contaminated Cottonelle wipes.

Given the nationwide shortage of toilet paper during the pandemic, Ms. Thurn purchased Cottonelle wipes for personal and family use from a Sam's Club in Lakeland, Florida, at some point between January 2020 and July 2020.  Before learning of KCC's recall, Ms. Thurn used the Cottonelle wipes she purchased from Sam's Club.  After using the wipes, Ms. Thurn became ill, presented to her doctor with lower abdominal pain, and was diagnosed with diverticulitis on or about July 22, 2020.  Later, on October 24, 2020, Ms. Thurn became aware, through a Sam's Club's notice, that "a bulk amount of contaminated wipes" she purchased appeared on the recall list released by KCC.  Ms. Thurn then ceased using the Cottonelle wipes.

Plaintiffs initiated this action in state court against KCC and SWI (collectively, "Defendants"), which Defendants later removed to federal court.  (Doc. 1).  In the complaint, Plaintiffs set forth several claims against KCC, including breach of an implied warranty of merchantability (Count I), breach of an express warranty (Count II), strict products liability (Count III), negligence (Count IV), fraud by silence or omission (Count V), negligent misrepresentation (Count VI), and unjust enrichment (Count VII) on behalf of Ms. Thurn as well as a claim for loss of consortium (Count X) on behalf of Mr. Thurn.  (Doc. 1-5).  KCC now moves to dismiss several claims, arguing that Plaintiffs (1) fail to state a claim for relief that can be granted as to the claims for breach of an implied warranty, breach of an express warranty, and unjust enrichment, and (2) fail to plead with the requisite specificity as to the claims for fraudulent concealment and negligent misrepresentation.  (Doc. 7).

## Legal Standard

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a) does not demand "detailed factual allegations," the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations omitted).  The court

must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009).

In cases involving fraud, Rule 9(b) requires that the complaint state with particularity the circumstances constituting the fraud or mistake, setting forth the challenged statements and the documents or oral representations where they were made, their time and place, the person responsible for making or not making the statements, the content of the statements, how they misled the plaintiff, and what the defendant obtained by the alleged fraud. *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016) (citations omitted); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (citations omitted). Rule 9(b) also provides that the complaint may allege intent, knowledge, and other conditions of the defendant's mind generally. Primarily, to comply with Rule 9(b), the plaintiff must set forth allegations with specificity, including the exact "circumstances

constituting fraud," stating the who, what, when, where, and how regarding the alleged fraudulent activity. *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006).

<u>Analysis</u>

### Breach of Implied Warranty Claim (Count I)

KCC moves to dismiss Count I on the basis that no privity exists between the parties. Indeed, "Florida law requires privity of contract to sustain a breach of implied warranty claim." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1321 (S.D. Fla. 2009); *see also Bailey v. Monaco Coach Corp.*, 168 F. App'x 893, 894 (11th Cir 2006) (per curiam) (affirming grant of summary judgment where district court found that, because plaintiff was not in privity with the manufacturer of a motor home, plaintiff's claim for breach of implied warranty failed as a matter of law); *Valiente v. Unilever U.S., Inc.*, No. 22-21507-CIV-LENDARD/LOUIS, 2022 WL 18587887, at *14 (S.D. Fla. Dec. 8, 2022) (quoting *David*).

Put simply, Plaintiffs fail to allege privity with KCC, and the allegations show that privity does not exist. Instead, Plaintiffs allege that Ms. Thurn purchased the Cottonelle wipes from Sam's Club in Lakeland, Florida, not directly from KCC. Plaintiffs therefore cannot maintain a claim for breach of implied

warranty.[2]  Since amendment would prove futile, Count I is dismissed with prejudice.[3]

### *Breach of Express Warranty Claim (Count II)*

KCC next moves to dismiss Plaintiffs' claim for breach of express warranty, arguing that this claim similarly fails for lack of privity between the parties and additionally because Plaintiffs fail to set forth any allegations regarding Ms. Thurn's justifiable reliance.  Though a breach of an implied warranty claim requires privity, that does not necessarily hold true for breach of express warranty claims. "Florida law reveals no clear rule about whether privity is required in every Florida express warranty claim." *Godelia v. Doe 1*, 881 F.3d 1309, 1321 (11th Cir. 2018).  In fact, some courts have concluded that privity may not be required to recover for breach of an express warranty, while other courts apply the same privity requirements as a claim for breach of an implied warranty.[4]

As the Court noted above, privity does not exist under these facts.  Even if privity were not required, however, Plaintiffs have still not sufficiently stated an

---

[2]  By failing to even respond to KCC's request to dismiss Count I, Plaintiffs effectively concede that the claim for breach of implied warranty cannot stand.  *See Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (finding that a party's failure to respond to any portion or claim in a motion indicates that such portion, claim, or defense is unopposed, and, when a party fails to respond to an argument or otherwise address a claim, the court deems that argument or claim abandoned).

[3]  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted).

[4]  *See Baker v. Brunswick Corp.*, No. 2:17-cv-572-FtM-9MRM, 2018 WL 1947433, at *3 (M.D. Fla. Apr. 25, 2018) (noting that the "general rule" in Florida requires privity for an express warranty claim, but that "it is not clear that privity is always required" for such a claim); *cf. Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009) (describing the privity requirement under Florida warranty law as a "moving target").

express warranty claim.  Where privity does not exist, some courts have found that "a plaintiff who purchased a product from a third party may properly bring claims for a breach of warranty against the manufacturer if 'substantial direct contacts' existed between the plaintiff and the manufacturer."  *Inouye v. Adidas Am., Inc.*, No. 8:22-cv-416-VMC-TGW, 2023 WL 2351654, at *7 (M.D. Fla. Mar. 3, 2023) (quoting *Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1262 (M.D. Fla. 2018)). Even applying this exception to the privity requirement, Plaintiffs failed to plead sufficient allegations to state a claim – namely, that KCC engaged in substantial direct contact with Ms. Thurn.

Plaintiffs broadly allege that KCC conveyed the following descriptions, affirmations of fact, and promises to Plaintiffs with respect to Cottonelle wipes that gave rise to express warranties: the wipes were of sufficient quality to pass without objection in the trade or industry, the wipes will consistently meet consumer's needs, the wipes will "perform as intended," the wipes are "safe for their intended use," the wipes will reach consumers in a "safe" condition, the wipes are "sanitary," the wipes utilize "CleaningRipples Texture and the cleansing power of water to deliver long-lasting freshness," the wipes are "gentle and effective for a truly refreshing clean," the wipes "deliver a gentle clean for sensitive skin," the wipes deliver a "refreshing clean," and the wipes "offer a large, dual layer wipe to clean better than when using dry toilet paper alone."  KCC purportedly breached those express warranties by selling Cottonelle wipes to Ms. Thurn that were contaminated with the harmful bacteria and subject to recall.  However, Plaintiffs

fail to allege where and when those statements were made, whether Ms. Thurn received such statements directly from KCC, and how such statements establish substantial direct contact with Ms. Thurn.  As such, Plaintiffs failed to state a claim upon which relief can be granted as to the breach of express warranty claim.

Notwithstanding, Plaintiffs contend that the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA") creates a cause of action for a consumer to sue a supplier for the failure to comply with an express warranty.  Indeed, the MMWA provides a remedy for state law warranty claims enforceable in federal court.[5]  *Toca v. Tutco, LLC*, 430 F. Supp. 3d 1313, 1322 (S.D. Fla. 2020).   Though the MMWA provides consumers a private right of action against warrantors for a breach of warranty, the claims are defined by state law and only exist if a valid breach of warranty claim is also stated.[6]  *Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1304 (S.D. Fla. 2017).  To proceed with a claim for breach of an express warranty, Plaintiffs must state a cause of action for breach of warranty under Florida law, which, as indicated, they have not done.

Plaintiffs cite to Article 2 of the UCC as the basis for their claim for breach of express warranty.  Chapter 672, Florida Statutes, reflects Florida's version of

---

[5]  Notably, the MMWA speaks only to implied warranties, written warranties, and service contracts, while state law defines express warranties, which encompass both written and oral undertakings.  *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1015 (D.C. Cir. 1986); *Hill v. Hoover*, 899 F. Supp. 2d 1259, 1266 n.3 (N.D. Fla. 2012); *see* 15 U.S.C. §§ 2301, 2303, 2308, 2310; § 672.313, *F.S.*

[6]  The complaint does not explicitly identify the MMWA as the basis for Plaintiffs' breach of express warranty claim.  Since the analysis requires consideration of Florida law, this omission is insignificant.  If Plaintiffs seek to proceed on a claim under the MMWA in the amended complaint, they should so indicate.

Article 2 of the Uniform Commercial Code, which applies to transactions involving goods. *See Hill*, 899 F. Supp. 2d at 1266; *see* § 672.102, *F.S.*  To plead a cause of action for breach of an express warranty under the Florida UCC, the complaint must allege: "(1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *Moss v. Walgreen Co.*, 765 F. Supp. 2d 1363, 1368 (S.D. Fla. 2011) (internal footnotes and citation omitted).  In Florida, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  § 672.313(1)(a) & (b), *F.S.*  Nevertheless, "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."  § 672.313(2), *F.S.*  To the extent that Plaintiffs want to continue to pursue a claim for breach of express warranty, they must include all the elements of the claim in any amended complaint, which they have not done here. Accordingly, the motion to dismiss is granted, without prejudice, as to Count II, with leave to amend.

### Claims Sounding in Fraud

KCC also moves to dismiss Plaintiffs' claims for fraudulent concealment and negligent misrepresentation, arguing that the allegations in the complaint fail to

satisfy the particularity requirements of Rule 9(b) based on the purported lack of specificity as to the reliance element of both claims.  As indicated, under Rule 9(b), parties must specifically allege what statements or omissions were made in which documents or oral representations, the time and place the statements were made, the person who made or omitted making the statements, the content of the statements, the way the statements misled the plaintiff, and what the defendant obtained because of the fraud.  *In re Galectin Therapeutics, Inc. Secs. Litig.*, 843 F.3d at 1269 (citations omitted).  Since claims for fraudulent concealment and negligent misrepresentation sound in fraud, each claim must be pleaded with particularity.  *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 951 (11th Cir. 2014) (finding that Rule 9(b)'s heightened pleading requirements apply to claims for negligent misrepresentation under Florida law); *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1196 (S.D. Fla. 2017) (finding that claims for fraudulent concealment under Florida law are subject to the heightened pleading requirements of Rule 9(b)).

<u>Fraudulent Concealment Claim (Count V)</u>

To state a claim for fraudulent concealment under Florida law, a plaintiff must allege: "(1) the defendant concealed or failed to disclose a material fact; (2) the defendant knew or should have known that the material fact should be disclosed; (3) the defendant knew its concealment of the fact would induce the plaintiff to act; (4) the defendant had a duty to disclose the material fact; and (5) the plaintiff relied on the misrepresentation to his or her detriment." *Koski*, 347 F. Supp. 3d at 1196.

Under Florida law, "reliance is an indispensable aspect of proving causation in a fraud claim." *Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 838 (Fla. 2022). Particularly, in the context of a fraudulent concealment claim, "[r]eliance means that a plaintiff has entered a transaction in whole or in part because of the defendant's fraudulent conduct" and requires the plaintiff to have "received, believed, and acted upon" a misrepresentation made by the defendant. *Id.* (citations and internal quotation marks omitted). Importantly, "there can be no reliance if the plaintiff is unaware of the defendant's misrepresentations until after the transaction is complete, or if the plaintiff would have acted the same way regardless of whether the defendant had made the misrepresentation." *Id.* (citation omitted).

As detailed above, Plaintiffs allege that KCC negligently misrepresented its wipes as safe and sanitary and fraudulently concealed a material defect with the wipes. More specifically, Plaintiffs allege that: (1) "[f]rom its statements of broad corporate principals to its packaging designs for particular products, Defendant KCC drives home a consistent message about what consumers can expect of its Cottonelle-brand products: they're quality, clean, gentle, refreshing, hygienic, and – most importantly – safe," and (2) "[a]t every turn, and through nearly[] every medium, Defendant KCC reminded consumers of their supposed commitment to quality and safety." In support, Plaintiffs point to social media posts by KCC, information available on KCC's Cottonelle website, KCC's marketing campaign, Cottonelle wipes' packaging, and an article with the Cottonelle Brand Manager as indicative of KCC's consistent messaging.

While Plaintiffs provide images of KCC's allegedly misleading statements from Cottonelle's social media and its packaging and quote KCC's advertising slogans, these allegations fail to allege what, if any, statements Mrs. Thurn received and relied upon before purchasing the Cottonelle wipes.  The complaint merely identifies Ms. Thurn's general belief in the safety of the Cottonelle wipes.  The allegations thus are insufficient to meet the heightened pleading standard required by Rule 9(b).  Accordingly, KCC's motion to dismiss is granted, without prejudice, as to Count V, with leave to amend.

<u>Negligent Misrepresentation Claim (Counts VI)</u>

To state a claim for negligent misrepresentation in Florida, "a plaintiff must allege: '(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely … on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.'" *McGee v. JP Morgan Chase Bank, NA*, 520 F. App'x 829, 831 (11th Cir. 2013) (quoting *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004)).  In the context of commercial transactions, liability for negligent misrepresentation is limited to the extent that "the supplier of the information is only liable if he manifests an intent to deceive." *Linville v. Ginn Real Est. Co., LLC*, 697 F. Supp. 2d 1302, 1307 (M.D. Fla. 2010) (citing *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 696 So. 2d 334, 339 (Fla. 1997)).

Importantly, a claim for negligent misrepresentation under Florida law requires a showing that the recipient of the information justifiably relied upon the erroneous information. *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 310 (Fla. 1st DCA 2011) (citations omitted). "Justifiable reliance requires more than lack of actual knowledge of the representation's falsity, but does not mandate that the plaintiff have independently investigated the representation." *AECOM Tech. Servs., Inc. v. Pro. Servs. Indus., Inc.*, 580 F. Supp. 3d 1176, 1195 (M.D. Fla. 2021); *see Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) ("As to negligent misrepresentation claims, although justifiable reliance on the misrepresentation is required as an element of the claim, justifiable reliance on a representation is not the same thing as failure to exercise due diligence.").

The "material fact" needed to support a claim for negligent misrepresentation generally must involve a statement concerning a past or present fact and cannot be predicated on opinions. *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1293 (M.D. Fla. 2010) (citations omitted). "There is a recognized exception to this rule: when the false statement was made by a person having superior knowledge of the subject of the statement, and the plaintiff can show that the person knew or should have known from the facts in his possession that the statement was false, then the opinion statement can be treated as a statement of fact." *Id.* (citations omitted). Further, actionable misrepresentations are not limited to statements affirmatively false on their face but also include statements classified as misleading because they omit other material information. *Prentice*,

338 So. 3d at 838. "What matters is that the defendant intend to induce the plaintiff's reliance by creating a false impression in the plaintiff's mind," as fraud is effected through representations. *Id.*

The object of a plaintiff's reliance must therefore be a representation by the defendant. *Id.* Given that, the Court does not find Plaintiffs' argument equating materiality with justifiable reliance persuasive. Rather, Plaintiffs' failure to specifically identify which of KCC's representations or omissions, if any, Mrs. Thurn received and relied upon before purchasing the Cottonelle wipes leaves her claim for negligent misrepresentation deficient, as it fails to meet the heightened pleading standard required by Rule 9(b). *See McGee*, 520 F. App'x at 831-32 (finding plaintiffs failed to state a claim for negligent misrepresentation where they offered only a conclusory claim that they relied upon pricing representations, sales representations, and appraisal representations – none of which the court found sufficient to state a cause of action for negligent misrepresentation under Florida law). Accordingly, KCC's motion to dismiss is granted, without prejudice, as to Count VI, with leave to amend.

### *Unjust Enrichment Claim (Count VII)*

Lastly, KCC moves to dismiss Plaintiffs' claim for unjust enrichment, arguing that the claim fails because Ms. Thurn did not confer any direct benefit upon KCC. To bring a claim for unjust enrichment in Florida, a plaintiff must allege: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be

inequitable for the defendant to retain the benefit without paying the value thereof. *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004) (citations omitted)).  The plaintiff must *directly* confer a benefit to the defendant to prevail on an unjust enrichment claim.  *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (citations omitted); *Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017).  Accordingly, where a plaintiff fails to allege that he or she directly conferred a benefit upon the defendant, dismissal is warranted. *See Marrache*, 17 F.4th at 1102 (affirming district court's dismissal of unjust enrichment claim where the allegations indicated that the plaintiff and other class members purchased bottles of Bombay from Winn-Dixie, not Bacardi, and therefore that the plaintiff only alleged an indirect benefit to Bacardi, which could not satisfy the first element of an unjust enrichment claim against Bacardi).

In the complaint, Plaintiffs allege that Ms. Thurn conferred "a benefit" on KCC at Ms. Thurn's expense when she paid KCC for the Cottonelle wipes that were potentially contaminated with harmful bacteria, subject to recall, and therefore worthless, and KCC was unjustly enriched by the sale of the recalled, and now worthless, wipes.  Notably, however, Plaintiffs allege that Ms. Thurn purchased the Cottonelle wipes from Sam's Club in Lakeland, Florida, not directly from KCC. Plaintiffs contend that even though Ms. Thurn purchased the Cottonelle wipes from a retailer, KCC directly benefited by receiving compensation for the sale of the

Cottonelle wipes, and the fact that Plaintiffs purchased the Cottonelle wipes from a retailer does not foreclose a finding that KCC received some benefit.

Contrary to Plaintiff's argument, the fact that Ms. Thurn purchased the Cottonelle wipes from a retailer, rather than directly from KCC, proves fatal to Plaintiffs' claim of unjust enrichment. Even if KCC retained a portion of the profits from the sale of the Cottonelle wipes, Ms. Thurn conferred, at best, an indirect benefit upon KCC. *See Marrache*, 17 F.4th at 1101-02; *Johnson, LLC,* 687 F. App'x at 830. Such indirect benefit is simply not enough to establish a claim for unjust enrichment, and, therefore, Plaintiffs' claim fails. *See Marrache*, 17 F.4th at 1101-02; *Johnson, LLC,* 687 F. App'x at 830. As Plaintiffs cannot state a claim for unjust enrichment against KCC where Ms. Thurn conferred only an indirect benefit upon KCC, Count VII is dismissed with prejudice.[7]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Defendant Kimberly-Clark Corporation's Partial Motion to Dismiss Plaintiffs' Complaint" (Doc. 7) is hereby GRANTED.

2. Count I and Count VII of Plaintiffs' complaint are DISMISSED WITH PREJUDICE.

3. Count II, Count V, and Count VI of Plaintiffs' complaint are DISMISSED WITHOUT PREJUDICE, with leave to amend.

---

[7] Given that dismissal with prejudice is warranted on that basis, the Court will not address KCC's other argument that the existence of express warranties precludes a claim for unjust enrichment.

4.  Plaintiffs shall have up to and including July 25, 2023 to file an amended

    complaint.  Failure to file an amended complaint will result in this Order

    becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State*

    *Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

     **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of

July, 2023.

 

 

 

_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**